UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23407-ALTMAN

**DEMARCO DODSON**,
*individually and on behalf of all others similarly situated*,

    *Plaintiff*,

v.

**GOTHAM CAPITAL LLC**,

    *Defendant*.
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

The Plaintiff filed a motion for Clerk's Entry of Default [ECF No. 6] against the Defendant, which the Clerk of Court granted on October 24, 2025, *see* Clerk's Entry of Default [ECF No. 7]. On our review of the record, it appears that the Defendant has indeed failed to respond to the Complaint or otherwise appear in this action. Therefore, the Court hereby **ORDERS and ADJUDGES** that the Plaintiff must file either a *motion for default final judgment* or a *notice of joint liability* by **November 7, 2025**:

    **I.**    **Motions for Default Final Judgment**

Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability and no possibility of inconsistent liability between the Defendants, the Plaintiff must file a *motion for default final judgment*. "Conceptually, . . . a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Out-Grow, LLC v. Miami Mushroom*, 2021 WL 2823266, at *3 (S.D. Fla. July 7, 2021) (Altman, J.) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

---

[1] If there are multiple defendants, the Plaintiff must note in the *motion for default final judgment* that there are no allegations of joint and several liability and explain why there is no possibility of inconsistent liability.

The *motion* must strictly comply with the following requirements:

A. The *motion* must proceed in four sections:

   i. The first section should briefly lay out the factual and service-of-process background of the case, with citations to the complaint and the docket as appropriate.

   ii. The second section should explain in detail, with citations to case law and the complaint as appropriate: (a) the basis for our subject-matter jurisdiction over the action (including the Plaintiff's Article III standing); (b) the basis for our personal jurisdiction over the parties; and (c) why we are the appropriate venue for this action.

   iii. The third section should explain in detail, again with citations to case law and the complaint as appropriate, why *each element* of *each cause of action* alleged in the complaint is legally and factually satisfied as to the Defendant (or Defendants) against whom the cause of action is brought.

   iv. The fourth section should explain the damages sought, setting forth in detail why those damages are legally appropriate and how the Plaintiff computed them. If the Plaintiff seeks damages, it must also attach to the *motion* affidavits and supporting documentation enabling the Court to precisely compute and verify the requested figure.

B. The *motion* must be accompanied by:

   i. the affidavit required by the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable;

   ii. a proposed order; and

   iii. a proposed final judgment.

    C. In accordance with the CM/ECF Administrative Procedures, the Plaintiff must submit its proposed orders **to the Court in Word format by e-mail** to altman@flsd.uscourts.gov, immediately after the *motion* is filed. The Plaintiff must also send a copy of the *motion* to the Defendants' counsel, or directly to the Defendants if the Defendants do not have counsel. In the certificate of service, the Plaintiff must note that notice was sent and identify the addresses to which that notice was sent.

If the Defendants fail to move to set aside the Clerk's Default or to respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that the Plaintiff may be able to take the Defendants' property or money, and/or obtain other relief against Defendants.

## II. Notices of Joint Liability

Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between the Defendants, the Plaintiff must file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Generally, a plaintiff should file a *notice of joint liability* only if at least one Defendant has defaulted, but at least one other Defendant has appeared in the action and is attempting to defend itself. Generally, a plaintiff shouldn't file a notice of joint liability if there are multiple Defendants, but all Defendants are already in default.

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all the Defendants, the Plaintiff may file a *motion for default final judgment* (as described above) against the Defendants, no later than **seven days** after liability is resolved against all Defendants.

\*   \*   \*

If the Plaintiff fails to timely file a compliant *motion for default final judgment* or *notice of joint liability* within the specified time, **the Court *will* dismiss the action without prejudice.** Finally, we **DIRECT** the Clerk of Court to administratively **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 24, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record